UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT S. WOODS aka SALADIN RUSHDAN,<br><br>            Plaintiff,<br><br>     v.<br><br>DR. HAAR, et al.,<br><br>            Defendants. | No. CV 19-00695-ODW (PJW)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: DEFENDANTS' MOTION TO DISMISS |

This Report and Recommendation is submitted to the Hon. Otis D. Wright, II, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.  For the reasons discussed below, it is recommended that Defendants' motion to dismiss the Complaint be granted in part and denied in part.

I.

SUMMARY OF FACTS AND PROCEEDINGS

Plaintiff is a state prisoner who suffers from keloids, which have caused him chronic complications for decades.  (Compl. at ¶ 3.) Unhappy with the way he was being cared for while he was in prison, he

sued the CDCR.  In 2016, the CDCR settled the case and agreed to certain treatment protocols going forward.  (Compl. at ¶¶ 3-5.)

In September 2018, Plaintiff was transferred to California Men's Colony ("CMC") in San Luis Obispo.  (Compl. at ¶ 2.)  When he arrived, he was seen by Dr. Breen.  He told Dr. Breen about the settlement agreement, a copy of which was in his file, and requested that CMC honor it and provide him with supplies, like peroxide and dressings, so that he could continue to care for his wounds.  (Compl. at ¶ 6.)  Dr. Breen refused to read the settlement agreement and told Plaintiff that CMC would not "honor" any of its provisions.  Dr. Breen also told Plaintiff that he would be treated by someone with "dermatology training," not a licensed dermatologist.[1]  (Compl. at ¶ 11.)  CMC staff "cancelled" Plaintiff's peroxide prescription and refused to provide him with dressings.  (Compl. at ¶ 6.)  As a result, his facial keloid grew and his pain and suffering tripled.  (Compl. at ¶ 7.)  On September 13, 2018, Plaintiff filed a grievance against Dr. Breen.  (Compl. at ¶ 11.)

Plaintiff was later seen by Dr. Taylor.  He again requested dressings and peroxide for his keloids but his requests were ignored.  (Compl. at ¶ 12.)  Plaintiff claims that, as a result, he suffered more frequent infections, further "disfigurement," excessive pain, and depression.  (Compl. at ¶ 12.)  After this visit, Plaintiff filed a grievance against Dr. Taylor.

In another grievance filed on September 23, 2018, Plaintiff complained to the Chief of Appeals that he had been threatened with a

---

[1] In his four months at CMC, Plaintiff claims that he did not meet with a dermatologist or any person with dermatology training. (Compl. at ¶ 11.)

transfer after filing grievances against the CMC doctors. (Compl. at ¶ 15.) According to Plaintiff, prisoners at CMC warned him that anyone who filed grievances against CMC medical staff would be transferred to another prison. (Compl. at ¶ 10.)

On December 22, 2018, Plaintiff was transferred to Richard J. Donovan Correctional Facility in San Diego, California. (Compl. at ¶ 15.) Plaintiff claims that this was done by Dr. Haar, who was retaliating against him because he had filed grievances. (Compl. at ¶ 15.) Plaintiff alleges that the transfer to Donovan resulted in him being separated from his property, losing a preferential job assignment, and being put in a cell without a cellmate. (Compl. at ¶¶ 18, 19.) Plaintiff alleges further that the transfer to Donovan "jeopardized his life and health," which he previously worked to "escape" from. (Compl. at ¶ 19.)

## II.

## ANALYSIS

Plaintiff brings this action under 42 U.S.C. § 1983 against Defendants Drs. Breen, Taylor, and Haar. He alleges, among other things, that they were deliberately indifferent to his serious medical needs. He claims further that Dr. Haar violated his rights under the First and Eighth Amendments when he transferred him to Donovan in retaliation for filing grievances against the other doctors. (Compl. at ¶¶ 15-19, 21-22.) Plaintiff seeks, among other things, to have Defendants fired from CMC and to have his property returned to him. (Compl. at p. 15.[2])

---

[2] The Court uses the page numbers inserted on the pleadings by the electronic docketing system.

Defendants have moved to dismiss the Complaint on the grounds that: 1) Plaintiff has failed to state a claim for deliberate indifference, equal protection, or retaliation; 2) Dr. Haar is entitled to qualified immunity; and 3) the claims for injunctive relief are frivolous and moot. Plaintiff opposes the motion. For the following reasons, the motion is granted in part and denied in part.

A.   <u>Standard of Review</u>

Under Federal Rule of Civil Procedure 12(b)(6), a defendant is entitled to dismissal of an action if a complaint lacks a legal theory or alleges insufficient facts to support a legal claim. To survive a motion to dismiss, the complaint must contain sufficient facts to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible on its face if the facts alleged and the reasonable inferences that can be drawn from them demonstrate that the defendant is legally liable for the conduct. *Id*.

In reviewing a motion to dismiss, the Court accepts as true the factual allegations contained in the complaint and views all inferences in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). The Court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001), *amended on other grounds by* 275 F.3d 1187 (2001). The Court construes *pro se* pleadings liberally. *See Barrett v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (per curiam).

B.    <u>Plaintiff's Deliberate Indifference Claim Against Dr. Haar is Dismissed with Leave to Amend</u>

Plaintiff sued Dr. Haar for deliberate indifference based on the fact that, as the Chief Medical Officer at CMC, Dr. Haar was responsible for all that happened there. He claims, for example, that Dr. Haar knew about the settlement agreement and knew that it was not being honored. He also contends that Dr. Haar was responsible for Plaintiff's transfer to Donovan, which caused Plaintiff further suffering and, therefore, amounted to deliberate indifference. (*See* Compl. at ¶¶ 15, 17–19, 21.)

Dr. Haar moves to dismiss on the ground that Plaintiff has not alleged that Dr. Haar ever treated him or met with him or was in anyway involved in, or even aware of, Plaintiff's allegedly substandard medical care at CMC. Dr. Haar further argues that there is no allegation that he knew, or should have known, that Plaintiff would be harmed if he was transferred to Donovan. (*See* Motion at 14–16.)

In order to state a claim for deliberate indifference under the Eighth Amendment, a prisoner must allege that the deprivation of medical care was objectively serious and that the defendant acted with a sufficiently culpable state of mind. *See Wilson v. Seiter*, 501 U.S. 294, 297 (1991); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). A "serious medical need" is one that will cause significant injury or the unnecessary and wanton infliction of pain if not treated. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Hutchinson v. United States*, 838

F.2d 390, 394 (9th Cir. 1988). A medical care provider, however, is only liable for denying a prisoner needed medical care if he "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The conduct must be purposeful and substantial; negligence, inadvertence, or differences in medical judgment or opinion do not rise to the level of deliberate indifference. *See Estelle*, 429 U.S. at 105-07.

Plaintiff's allegations are insufficient to state a claim against Dr. Haar for deliberate indifference. He fails to allege that Dr. Haar played any role in his treatment. The fact that Dr. Haar was the Chief Medical Officer at CMC is irrelevant. Dr. Haar can only be sued for his actions, not the actions of his subordinates, as there is no respondeat superior liability under § 1983. Plaintiff's claim in his Opposition to the Motion that Dr. Haar's role in Plaintiff's transfer to Donovan establishes deliberate indifference is rejected, too. It is too little too late and, even if accepted as true, is not enough to state a claim for deliberate indifference. Plaintiff does not allege in the Complaint that Dr. Haar knew, or should have known, that the medical treatment at Dononvan was any different than the care at any other facility in California. As such, the deliberate indifference claim against Dr. Haar is dismissed. Based on Plaintiff's allegations in his Opposition to the Motion, however, the Court will allow him to amend this claim (consistent with the Court's ruling) if he chooses. *See Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) (explaining court may consider allegations raised in an opposition to a motion to dismiss in deciding whether to grant leave to amend).

C.  <u>Plaintiff Fails to State a Cognizable Equal Protection Claim Against Defendants</u>

Plaintiff claimed Defendants violated his right to equal protection but failed to allege any facts to suggest that his treatment (or lack thereof) was due to his membership in any protected class. Defendants move to dismiss the equal protection claim on that ground. In his Opposition, Plaintiff does not argue that his mistreatment was due to any protected class, like race, or sex, or religion, but argues, instead, that his claim that Defendants refused to provide him with proper care in violation of the law is enough to state an equal protection claim. Plaintiff is simply mistaken. To state an equal protection claim, Plaintiff has to allege that Defendants intentionally discriminated against him based on his membership in a protected class, like race, sex, or religion. *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005). His failure to do so is fatal to his equal protection claim. As such, it is dismissed with prejudice.[3]

---

[3] In his Opposition, Plaintiff contends that he is a member of a "class of one" based on his prior settlement agreement with the CDCR and speculates that other prisoners at CMC must have been treated by dermatologists so he is being treated differently. He argues that he should be allowed to proceed under his "class of one" theory. *See, e.g., North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008) (explaining alternative "class of one" equal protection theory, i.e., plaintiff is in a class by himself and others similarly situated are treated differently than he is). Overlooking the fact that these allegations were not in the Complaint, they are based on pure speculation and are not enough to state an equal protection claim.

D.   <u>Plaintiff Has Stated a First Amendment Claim Against Defendant Dr. Haar</u>

Plaintiff sued Dr. Haar for retaliation for causing him to be transferred to Donovan three months after he filed grievances against the other doctors. (Compl. at ¶ 15.) Defendants argue that Plaintiff has failed to allege that the transfer: (1) was "because of" Plaintiff's grievances; and (2) did not advance a legitimate correctional goal. *See, e.g., Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (citing *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003)). This argument is rejected. Since prisoners rarely have direct evidence of retaliatory motive at the pleading stage, an allegation that the timing of a defendant's conduct suggests that it was in response to a prisoner's exercise of his rights is enough to survive dismissal. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). Plaintiff's retaliation claim is further bolstered by the fact that he contemporaneously documented that Defendants were threatening his transfer in the wake of his grievances. (*See* Compl. at ¶¶ 10, 15.)

As to lack of legitimate correctional goal, Plaintiff has said enough to survive dismissal. He claims, in essence, that the only reason for the transfer was to punish him for speaking out. *See Watison*, 668 F.3d at 1114-15 (citing *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985)). At this stage, that is enough. For these reasons, Defendants' motion to dismiss Plaintiff's retaliation claim is denied.[4]

---

[4] Dr. Haar also contends that he is shielded from suit under the doctrine of qualified immunity. (Motion at 24-26.) Although defendants are entitled to raise qualified immunity in a motion to

E.     Plaintiff's Request for Injunctive Relief is Moot

Plaintiff seeks to have Defendant doctors fired from their jobs. (Compl. at p. 15.)  This is not within the Court's purview and is denied out of hand.  Further, as Plaintiff is no longer at CMC, this request (presumably so that they would not be treating him) is moot. *See Pride v. Correa*, 719 F.3d 1130, 1138 (9th Cir. 2013); *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995) (explaining inmate's transfer while his claims are pending will generally moot his claims for injunctive relief); *see also Preiser v. Newkirk*, 422 U.S. 395, 402-04 (1975) (finding inmate's request for declaratory judgment rendered moot by his transfer to another prison).

Plaintiff also seeks a return of his property.  Because the State of California has a meaningful remedy for prisoners who lose their property, he cannot proceed on this claim, either.  *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding prisoner cannot bring civil rights action for intentional deprivation of property where prison has meaningful post-deprivation remedy); *Parrot v. Taylor*, 451 U.S. 527, 543-44 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986) (holding prisoner cannot bring civil rights action for negligent deprivation of property where prison has meaningful post-deprivation remedy); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir.

---

dismiss, generally speaking, the issue is better addressed in a summary judgment motion. *See Wong v. United States*, 373 F.3d 952, 956-57 (9th Cir. 2004) (explaining qualified immunity is better left for summary judgment because the notice pleading standard may force courts to decide "far-reaching constitutional questions on a nonexistent factual record").  That is certainly the case here.  For that reason, the Court elects not to address qualified immunity at this stage of the proceedings.  Dr. Haar may raise the issue in a summary judgment motion.

1994) ("California Law provides an adequate post-deprivation remedy for any property deprivations. *See* Cal. Gov't Code §§ 810-895.").

### III.
### RECOMMENDATION

For these reasons, IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) dismissing the deliberate indifference claim against Dr. Haar with leave to amend; (3) dismissing the equal protection claim against all Defendants with prejudice; (4) denying Defendants' motion to dismiss Plaintiff's retaliation claim against Dr. Haar; and (5) dismissing Plaintiff's requests for injunctive relief against all Defendants as moot.

DATED: April  1 , 2020.

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

C:\Users\ericavalencia\Documents\Woods RR MTD.wpd